# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSÉ RENE GAMEZ-ABREGO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1595** |
| **ORLEANS PARISH JAIL, ET AL.** | **SECTION "J"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, José Rene Gamez-Abrego, a federal prisoner currently incarcerated in Wisconsin, filed the instant civil rights complaint naming the "Orleans Parish Jail" as the sole defendant.[1] The undersigned issued an order notifying plaintiff that the jail was an improper defendant and directing him to file an amended complaint naming a proper defendant or defendants.[2] Plaintiff has attempted to comply with that order by filing an amended complaint listing as defendants the warden of the Orleans Parish Prison, "Captain Bill," "Correctional Officer Zacarias," three inmates, and other unidentified officers.[3] In this lawsuit, plaintiff claims that his constitutional rights were violated when jail officials failed to protect him from violence at the hands of other inmates while he was incarcerated within the Orleans Parish Prison system in 2007.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 4.

[3] Rec. Doc. 5.

I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...." 28 U.S.C. § 1915A(b)(1). Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint, as amended,[4] the Court nevertheless finds that, for the following reasons, plaintiff's claims should be dismissed as frivolous.

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

## II. Improper Defendants

Plaintiff filed the instant lawsuit seeking relief under 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every *person* who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress .... (Emphasis added.)

In the original complaint, plaintiff named the "Orleans Parish Jail" as a defendant. However, a jail is merely a building, not a "person" subject to suit under § 1983. Bolden v. Orleans Parish Jail, Civ. Action No. 08-0728, 2009 WL 507045, at *2 (E.D. La. Feb. 26, 2009); Glenn v. Louisiana, Civ. Action No. 08-4817, 2009 WL 382680 (E.D. La. Feb. 11, 2009); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 n.3 (E.D. La. July 25, 2008); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); see also Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976). Accordingly, the claim against the "Orleans Parish Jail" should be dismissed.

Further, in the amended complaint, plaintiff named as defendants three inmates: Mike Thomas; Anthony King; and "Alexander." However, an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983. See, e.g., Bland v.

Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009); Butler v. Jenkins, 450 F.Supp. 574, 575 (E.D. Tenn. 1978); see also Goodell v. Anthony, 157 F.Supp.2d 796, 801 (E.D. Mich. 2001) ("Numerous cases have held that an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983."). Accordingly, the claims against the three inmates should likewise be dismissed.

Moreover, even if the United States District Judge determines that the jail and/or the inmates are proper defendants, the claims against them should nevertheless still be dismissed because, as noted below, plaintiff's claims are prescribed.

### III. Remaining Defendants

Assuming for the purposes of this decision that the remaining individuals named are proper defendants, the Court notes that the claims against them should be dismissed as frivolous because they are prescribed.

"Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); see also Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). Once a federal cause of action accrues, a plaintiff must then assert his claim within the applicable limitations period. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation

omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith, 2008 WL 2951279, at *1; La. Civ. Code Ann. art. 3492.

A failure-to-protect claim accrues on the date the prisoner was attacked. See, e.g., Price v. New Orleans Parish Criminal Sheriff, Civ. Action No. 09-3573, 2009 WL 2139702, at *2 (E.D. La. July 13, 2009); Bynum v. Stalder, No. 07-cv-0764, 2007 WL 2317064, at *2 (W.D. La. July 20, 2007) (Kirk, M.J., adopted by Drell, J., on August 10, 2007), aff'd, 283 Fed. App'x 246 (5th Cir. 2008). Plaintiff states that the attack in the instant case occurred in December of 2007.[5] However, plaintiff did not file this action until 2010, well after the expiration of the one-year limitations period. Accordingly, his failure-to-protect claims are prescribed. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2; Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[5] Rec. Doc. 7.

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this nineteenth day of July, 2010.

                           **DANIEL E. KNOWLES, III**
                           **UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.